1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NICHOLAS M. WAJDA**
Nevada State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq./Wajda Law Group, APC
871 Coronado Center Drive, Suite 200
Henderson, NV 89052
Telephone: 702-900-6339
Email: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Case No.:

**DAKOTA DEMPSEY,**

      Plaintiff,

vs.

**MIDLAND CREDIT MANAGEMENT, INC.
A/K/A MIDLAND CREDIT
MANAGEMENT A/K/A MCM,**

      Defendant

**COMPLAINT FOR DAMAGES**

1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*:**

2. **VIOLATION OF NEVADA REVISED STATUTES §§ 649.370 and 649.375**

**JURY TRIAL DEMANDED**

NOW comes DAKOTA DEMPSEY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. A/K/A MIDLAND CREDIT MANAGEMENT A/K/A MCM ("Defendant") as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices Act, ("FDCPA") under 15 U.S.C. §1692 *et seq.* and pursuant to Nevada Revised Statutes ("NRS") §§ 649.370 and 649.375, Collection Agency Chapter (N.R.S.), for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.   Supplemental jurisdiction exists for the state law claim pursuant to U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred, within the District of Nevada.

## PARTIES

4.   Plaintiff is a consumer over 18 years of age residing in Carson City, Nevada, which lies within the District of Nevada.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant provides third-party debt collection services.   Defendant's principal place of business is located at 350 Camino De La Reina, Suite 100, San Diego, California.   Defendant regularly collects upon consumers located within the State of Nevada.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

9.   Plaintiff reserves the right to amend the Complaint should pertinent facts become known at a later time.

10.   Plaintiff is an unsophisticated consumer.

11.   The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt"), which defendant claims is owed by the Plaintiff.

12.   The subject debt stems from a credit card obligation Plaintiff allegedly owed to Synchrony Bank PayPal Credit with an alleged present balance of $7,120.86.

13.   On or about December 23, 2020, Defendant issued a letter to Plaintiff, which seemed to come from its "pre-Legal Department" and was entitled in bold letters, "**ATTORNEY REVIEW PLANNED.**"

14.   Below that, the letter had a bold red bulls-eye type stamp, which read, "**FINAL NOTICE.**"

15.   The next bold line read, "**IMPORTANT NOTICE – PLEASE READ CAREFULLY. FAILURE TO REPLY WILL RESULT IN ATTORNEY REVIEW.**"

16.   The correspondence further stated, "This is a demand for full payment of $7,120.86. Please login to your account at MidlandCredit.com and pay, or call our Pre-Legal department at

877-xxx-xxxx by 01/22/2021 to resolve this account.  If you do not reply, we plan on sending your account to an attorney in the state of NV."

17.   The next paragraph starts by asking the question, "**What will an attorney do,**" and then answers the question in the next two lines with contradictory sentences as follows, "We intend to have a lawsuit filed against you.  Before a lawsuit can be filed, an attorney must review your account.  If the attorney determines there is cause for a suit, they will: - Commence a lawsuit in a local court; - Serve a copy of the lawsuit personally on you, which could be done by a process server, a sheriff or other means; - Seek to obtain a judgment."

18.   Despite advising Defendant's intent is to sue the Plaintiff, the letter then says, "We want to help you resolve the matter voluntarily, " and proceeds to ask for payment and if a payment is made, Defendant will work to avoid sending Plaintiff's account to an attorney.

19.   The letter does not state if Plaintiff were to make a payment in accordance with the terms as provided, Defendant could definitely stop an attorney review, as if it were not entirely within their own control.

20.   The final paragraph of the letter admonishes the Plaintiff and creates a forewarning sense of urgency by stating, "Your prompt attention is necessary to avoid the possibility of attorney review," as if "attorney review" were a legal process.

21.   The confusing letter gave Plaintiff the impression the letter was a form of a legal document and created a false and misleading representation and sense of urgency.

22.   Reading "**ATTORNEY REVIEW PLANNED**" caused Plaintiff to become anxious, stressed and worried he was being sued.

23.  Plaintiff suffered real and concrete harm because Defendant communicated with her in this manner prohibited by the FDCPA.

## DAMAGES

24.  Defendant's misleading, wanton and malicious conduct has severely impacted Plaintiff's  daily life and general well-being.

25.  Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive and misleading actions.

26.  Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

## <u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

27.  Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30.  Moreover, Defendant is a "debt collector" because it acquired the rights to the subject debt after it was in default as per 15 U.S.C. §1692a(6) of the FDCPA.

31.   The subject debt is "debt" as defined by 15 U.S.C. §1692a(5) of the FDCPA as it arises out of a transaction due or asserted to be owed or due to another for personal, family or household purposes.

31.   The correspondence used by the Defendant in their relentless attempts to collect the debt, is purposely meant to confuse and scare the consumer and is prohibited, harassing, false and misleading, deceptive and unfair practice in violation of 15 U.S.C. §§1692e(5), (10), (13) and 1692f(1) of the FDCPA.

32.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. §1692k(a)(1), 2(A) of the FDCPA and in an amount to be determined at a trial by jury and for reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

### 3.  COUNT II - OF NEVADA REVISED VIOLATION (NRS) STATUTES §§ 649.370 and 649.375

33.   Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34.   NRS § 649.370 states, "A violation of any provision of the federal Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq., or any regulation adopted thereto, shall be a violation of this chapter."

35.   NRS § 649.375(1) states, "A collection agency….shall not: Use any device, subterfuge, pretense or deceptive means or representations to collect any debt, nor use any collection letter, demand or notice which simulates a legal process…."

36.   The process used by the Defendant in its relentless attempts to collect a debt is a prohibited, harassing, false and misleading, deceptive and unfair practice in violation of both NRS §§ 649.370 and 649.375(1).

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, DAKOTA DEMPSEY respectfully requests this Honorable Court:

a.   Declare the practices complained of herein are unlawful and violate the aforementioned statutes;

b.   Award Plaintiff statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

c.   Award Plaintiff statutory and actual damages in an amount to be determined at trial, for the underlying NRS violations;

d.   Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;

e.   Award any other relief as the Honorable Court may deem just and proper.

**Plaintiff demands trial by jury.**

Date:  May 5, 2021                                      Respectfully submitted,

                                                        By:  _/s/ Nicholas M. Wajda_____
                                                        **Law Offices of Nicholas M. Wajda, Esq.**
                                                        Nicholas M. Wajda (State Bar No. 11480)
                                                        871 Coronado Center Drive
                                                        Suite 200
                                                        Henderson, NV 89052
                                                        Telephone: 702-900-6339
                                                        Facsimile: 866-286-8433
                                                        Email: nick@wajdalawgroup.com