John M. Naylor
Nevada Bar No. 5435
Benjamin B. Gordon
Nevada Bar No. 15552
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jnaylor@nblawnv.com
bgordon@nblawnv.com
*Attorneys for Midland Credit Management, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA DEMPSEY,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. A/K/A MIDLAND CREDIT MANAGEMENT A/K/A MCM,<br><br>Defendant. | Case No. 3:21-CV-00212-LRH-WGC<br><br>**DEFENDANT'S DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b).** |

Defendant Midland Credit Management, Inc. ("Midland"), by and through its counsel of record, submit Defendant's Proposed Discovery Calendar and Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1. Midland has been unable to schedule a Rule 26(f) a meet and confer conference. Plaintiff did not contact Midland about scheduling the conference. After the Court entered its order on December 7, 2021 (ECF #7) directing the parties to file a proposed order, Midland's counsel on December 9, 2021, sent an email to Plaintiff's counsel of record asking about scheduling the Rule 26(f) conference. Midland's counsel, Peter J. Mulcahy, Esq., and Plaintiff's

counsel then spoke twice that day. Plaintiff's counsel said that he would send a settlement demand, he did not commit to a date for the Rule 26(f) conference. On December 16, 2021, counsel for Midland sent a follow up email to Mr. Mulcahy requesting either a settlement demand or an available date when the parties could meet and confer to complete a Rule 26(f) conference and report. Plaintiff's counsel did not respond to the December 16, 2021, email. As of December 29, 2021, Plaintiff has not communicated a settlement demand or an available date when the parties could meet and confer. Therefore, Midland submits its own proposed discovery calendar and order without stipulation from the Plaintiff.

Midland believes that discovery may be needed on the issues of liability and damages arising regarding Plaintiff's claims, as well as any and all defenses. Midland does not believe discovery phases are needed at this time. Midland proposes the following 180-day discovery schedule:

**(1) Discovery Cut-Off Date:** June 27, 2022

**(2) Amending the Pleadings and Adding Parties:** March 29, 2022

**(3) Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**
Expert Disclosures: April 28, 2022
Rebuttal Expert Disclosures: May 30, 2022

**(4) Dispositive Motions:** July 27, 2022

**(5) Pretrial Order:** August 26, 2022

**(6) Fed. R. Civ. P. 26(a)(3) Disclosures.**
The Parties have been unable to meet and confer regarding the issue of disclosures required by FRCP 26(a)(3). Midland proposes that if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on dispositive motions or further court order.

**(7) Alternative Dispute Resolution.**
The parties have been unable to meet and confer regarding the issue of Alternative Dispute Resolution.

**(8) Alternative Forms of Case Disposition:**
The parties have been unable to meet and confer regarding the issue of trial by a magistrate judge under 26 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**(9) Electronic Evidence.**
The Parties have been unable to meet and confer to discuss the presentation of evidence in electronic format to jurors for the purposes of jury deliberations. However, Midland is agreeable to present evidence in electronic format to jurors.

**(10) Fed. R. Civ. P. 26(a)(1) Disclosures.**
The Parties have been unable to meet and confer at a Rule 26(f) conference. Therefore, this discovery plan and scheduling order proposes a disclosures due date of 14 days from the filing of this proposed order, January 10, 2022.

**(11) Protective Order.**
Midland anticipates the production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. As such, Midland may request a protective order to be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive.

**(12) Electronically Stored Information.**
At this time, the parties have been unable to meet and confer regarding the issue of electronically stored information.

**(13) Electronic Service.**
At this time, the Parties have been unable to meet and confer regarding the issue of electronic service for discovery requests, discovery responses, and disclosures via electronic mail.

Dated this 29th day of December 2021.

                                                  NAYLOR & BRASTER

                                                  By: *Benjamin B. Gordon*
                                                      John M. Naylor
                                                      Nevada Bar No. 5435
                                                      Benjamin B. Gordon
                                                      Nevada Bar No. 15552
                                                      NAYLOR & BRASTER
                                                      1050 Indigo Drive, Suite 200
                                                      Las Vegas, NV 89145

                                                *Attorneys for Defendant Midland Credit Management, Inc.*

*Dakota Dempsey v. Midland Credit Management,*
*A/K/A Midland Credit Management*
*A/K/A MCM*
Case No. 3:21-CV-00212-LRH-WGC
**DEFENDANT'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

## ORDER

**IT IS SO ORDERED**

Dated: January 3, 2022

_William G. Cobb_____

UNITED STATES MAGISTRATE JUDGE